# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARLON D. PICKENS,

        Defendant.

Case No. 19-CR-120-15-JPS

**ORDER**

### 1. BACKGROUND

Defendant filed a motion requesting the Court to appoint counsel for him to assist with filing a motion compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). (Docket #352). The Court referred this case to Federal Defender Services of Wisconsin, Inc. ("FDS"), who, thereafter, filed a motion for compassionate release on Defendant's behalf. (Docket #360, #409). The Government responded to the motion, and FDS replied. (Docket #419, #421). Recently, both parties filed supplemental briefs with the Court. (Docket #438, #446). The Court has reviewed these submissions and will deny Defendant's motion for compassionate release.[1]

### 2. FACTS

Defendant was a member of a drug-trafficking organization that obtained large quantities of heroin and cocaine from the Northern District of Illinois and distributed those substances in the Milwaukee metropolitan area. (Docket #310 at 7). As a member of this organization, Defendant

---

[1] The Court will grant both Defendant's motion to seal (Docket #410) and the Government's motion to seal (Docket #439).

would sell both heroin and cocaine. (*Id.* at 24). Defendant pleaded guilty to a one-count information, (Docket #220), in which he was charged with conspiracy to distribute both heroin and crack cocaine. (Docket #219 at 2). According to both the plea agreement and the information, "[t]he offense involved 28 grams or more of a mixture and substance containing crack cocaine, a Schedule II controlled substance, and at least 500 grams of cocaine, a Schedule II controlled substance." (*Id.*, Docket #220). In March, 2020, this Court sentenced Defendant to 28 months of imprisonment for Conspiracy to Distribute Cocaine and Cocaine Base, in violation of 18 U.S.C. § 2, and 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. (Docket #326 at 1–2). Typically, Defendant's offense conduct requires an imprisonment range of 46 to 57 months. (Docket #327 at 1). However, because Defendant was considered eligible for application of the "safety-valve" provision of the First Step Act, 18 U.S.C. § 3553(f), the Court determined that a below-guideline sentence of 28 months was sufficient, but not greater than necessary. (*Id.*, Docket #419 at 1). The Court also sentenced Defendant to a three-year term of supervised release following his incarceration. (Docket #326 at 3).

When Defendant filed his motion, he was incarcerated at Federal Correctional Institution Milan ("FCI Milan") in Milan, Michigan. However, as of September 2021, Defendant is currently located at a Residential Reentry Management ("RRM") center.[2] Defendant is 43 years old and avers that this Court should grant him compassionate release because he allegedly suffers from "congenital heart disease, cardiomyopathy

---

[2]*See* Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited October 4, 2021).

suspected to be caused by alcohol, kidney stones, and septic arthritis of the wrist." (Docket #409 at 3) (quoting Docket #310 at 35). Notably, while incarcerated, Defendant tested positive for, and recovered from, COVID-19. (Docket #411 at 1–14).

3.  **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in

§ 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the

Page 4 of 8
Case 2:19-cr-00120-JPS   Filed 10/05/21   Page 4 of 8   Document 500

defendant with effective training, care, and/or treatment. Lastly, the Court must evaluate whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). U.S.S.G.§ 1B1.13(B)(2).

**4. ANALYSIS**

First, the Government concedes that Defendant exhausted his administrative remedies. (Docket #419 at 6); *see Gunn*, 980 F.3d at 1179 ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it.") (internal citations omitted). The Court next determines whether Defendant has an extraordinary and compelling reason warranting his release.

The outbreak of COVID-19, together with a defendant's underlying medical conditions that place the defendant at "high risk" should he contract the disease, may establish an extraordinary and compelling reason warranting release. *See, e.g.*, *United States v. Gonzales*, Case No. 13-CR-101-JPS, 2020 WL 4437154, at *4 (E.D. Wis. Aug. 3, 2020). However, since Defendant filed his motion, the risk calculus has changed significantly given the introduction of several very effective and increasingly widely available vaccines that inoculate against COVID-19. Importantly, on August 23, 2021, after rigorous and thorough evaluation, the Food and Drug Administration approved the Pfizer-BioNTech COVID-19 vaccine for all individuals aged 16 years and older.[3] Other vaccines, including the Moderna vaccine, have been approved for emergency use since late 2020,

---

[3] FDA News Release, U.S. Food & Drug Admin., FDA Approves First COVID-19 Vaccine (Aug. 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine.

with great success.[4] Quickly, it is becoming well-settled law in the Seventh Circuit that, "for most prisoners[,] the availability of vaccines for COVID-19 'makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.'" *United States v. Sullivan*, No. 20-2647, 2021 WL 3578621, at *2 (7th Cir. Aug. 13, 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see also United States v. Burgard*, No. 20-3210, 2021 WL 3781384, at *2 (7th Cir. Aug. 26, 2021); *United States v. Eveland*, No. 20-3449, 2021 WL 3414202, at *1 (7th Cir. Aug. 5, 2021); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021).

According to Defendant's presentence investigation report, Defendant has a prior history of congenital heart disease, cardiomyopathy, kidney stones, and septic arthritis of his wrist. (Docket #310 at 35). Defendant avers that his heart disease is his most significant COVID-19 risk factor and that his history of cardiomyopathy is problematic because it can be triggered by COVID-19. (Docket #409 at 7). The Centers for Disease Control and Prevention notes that both of those conditions can make a person more likely to get severely ill from COVID-19.[5] However, Defendant does not point the Court to any documentation suggesting that he currently suffers from heart disease, cardiomyopathy, or any symptoms associated with those conditions. As of September 2021, Defendant has not been vaccinated because he would like a doctor to confirm that he can receive the vaccine in light of his prior heart conditions.

---

[4]*See* U.S. Food & Drug Admin., Moderna COVID-19 Vaccine (updated Aug. 18, 2021), https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/moderna-covid-19-vaccine.

[5]Ctrs. for Disease Control and Prevention, COVID-19, *Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited October 4, 2021).

Notably, Defendant is no longer confined at FCI Milan and has not provided the Court with evidence about his risk of exposure at the facility where he is currently located. Therefore, Defendant's submission "falls short of meeting his burden to establish extraordinary and compelling circumstances, particularly as they relate to the risk of COVID-19 infection at his current housing facility." *United States v. Patterson*, Criminal No. 18-0264 (ES), 2021 WL 2660273, at *3 (D.N.J. June 28, 2021).

Even if Defendant had established an extraordinary and compelling reason in support of his compassionate release, the Court's consideration of the § 3553(a) factors, as well as § 3142(g), caution against Defendant's release. As discussed, *infra*, the Court sentenced Defendant to a term of imprisonment significantly below the applicable statutory guidelines. Defendant is scheduled to be released in May 2022, (i.e., he has less than one year of imprisonment remaining).[6] The Court finds that granting compassionate release would fail to reflect the seriousness of Defendant's drug trafficking offense and would neither promote respect for the law nor provide just punishment. The Court also has concerns as to whether Defendant has received sufficient care or treatment, as Defendant admits that he may need additional treatment for his drug and alcohol additions. (Docket #409 at 13).

Finally, the Court notes that it was, in fact, Defendant's addiction to opiates that led him to lose his job and turn to selling drugs to fuel his habit and make money. (*Id.* at 2). The Court is not convinced that Defendant, who has not provided any information as to where he will go, how he will

---

[6]*See* Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited October 4, 2021).

Page 7 of 8
Case 2:19-cr-00120-JPS   Filed 10/05/21   Page 7 of 8   Document 500

support himself (or who will support him if he is unable to do so), is not a danger to himself, others, or the community.

5. **CONCLUSION**

Based on the foregoing, the Court will deny Defendant's motion for compassionate release, (Docket #409). The Court will also deny as moot Defendant's motion to appoint counsel (Docket #352).

Accordingly,

**IT IS ORDERED** that Defendant Marlon D. Pickens's motion for compassionate release (Docket #409) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Marlon D. Pickens's motion to appoint counsel (Docket #352) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Defendant Marlon D. Pickens's motion to seal (Docket #410) and the Government's motion to seal (Docket # 439) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 5th day of October, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge